ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT LETTER SEEKING THE ATTORNEY GENERAL'S OPINION ABOUT SEVERAL INTERPRETATIVE ISSUES ARISING FROM 70 O.S. 17-10(3) (1987). BASED ON MY FOLLOW-UP CONVERSATION WITH YOU, THE FOUR QUESTIONS YOU POSED ORIGINALLY YIELD THE FOLLOWING DISTILLATE: MAY A PERSON WHO LEAVES HER EMPLOYMENT WITH THE OKLAHOMA STATE DEPARTMENT OF EDUCATION (DOE) TO ASSUME A STAFF POSITION WITH THE OKLAHOMA STATE SENATE RETAIN HER MEMBERSHIP IN THE OKLAHOMA TEACHERS RETIREMENT SYSTEM (OTRS) IF HER NEW ADMINISTRATIVE POSITION WITH THE SENATE IS PRIMARILY DEVOTED TO PUBLIC EDUCATION?
I ALSO UNDERSTAND THAT YOU HAVE AGREED THAT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY IF SUFFICIENT GUIDANCE IS GIVEN OTRS TO PERMIT IT TO EXERCISE THE JURISDICTION CONFERRED UPON IT BY 17-101(3). ADDITIONALLY, I HAVE SPOKEN WITH KEY STAFF PEOPLE AT OTRS WHO ASSURE ME THAT THE INFORMAL WRITTEN ADVICE OF THIS OFFICE WILL BE SUFFICIENT TO ALLOW IT TO ADDRESS THE CONCERNS RAISED IN YOUR LETTER.
THE STATUTE IN QUESTION, 70 O.S. 17-101(3), READS AS FOLLOWS:
 "CLASSIFIED PERSONNEL" SHALL MEAN ANY TEACHER, PRINCIPAL, SUPERINTENDENT, COUNTY SUPERINTENDENT, SUPERVISOR, ADMINISTRATOR, LIBRARIAN, CERTIFIED OR REGISTERED NURSE, COLLEGE PROFESSOR, OR COLLEGE PRESIDENT WHOSE SALARY IS PAID WHOLLY OR IN PART FROM PUBLIC FUNDS. AN EMPLOYEE OF ANY STATE DEPARTMENT BOARD. BOARD OF REGENTS OR BOARD OF TRUSTEES, WHO IS IN A SUPERVISORY OR AN ADMINISTRATIVE POSITION. THE FUNCTION OF WHICH IS PRIMARILY DEVOTED TO PUBLIC EDUCATION, SHALL BE CONSIDERED CLASSIFIED PERSONNEL UNDER THE MEANING OF THIS ACT AT THE DISCRETION OF THE BOARD OF TRUSTEES OF THE TEACHERS' RETIREMENT SYSTEM. THE TERM "TEACHER" SHALL ALSO INCLUDE INSTRUCTORS AND COUNSELORS EMPLOYED BY THE DEPARTMENT OF CORRECTIONS AND HOLDING VALID TEACHING CERTIFICATES ISSUED BY THE STATE DEPARTMENT OF EDUCATION. PROVIDED, THAT A PERSON EMPLOYED BY THE DEPARTMENT OF CORRECTIONS AS AN INSTRUCTOR OR COUNSELOR SHALL HAVE BEEN ACTIVELY ENGAGED IN THE TEACHING PROFESSION FOR A PERIOD OF NOT LESS THAN THREE (3) YEARS PRIOR TO EMPLOYMENT TO BE ELIGIBLE TO PARTICIPATE IN THE OKLAHOMA TEACHER'S RETIREMENT SYSTEM. THE DEPARTMENT OF CORRECTIONS SHALL CONTRIBUTE THE EMPLOYER'S SHARE TO THE OKLAHOMA TEACHERS' RETIREMENT SYSTEM."
(EMPHASIS ADDED)
THE KEY SENTENCE IS THE ONE EMPHASIZED ABOVE; THE KEY ISSUE IN THAT SENTENCE IS GRAMMATICAL: DOES THE SUBORDINATE CLAUSE THE FUNCTION OF WHICH IS PRIMARILY DEVOTED TO PUBLIC EDUCATION" MODIFY THE WORD "POSITION" RATHER THAN THE WORD "DEPARTMENT?". IN DETERMINING THE MEANING OF AN UNAMBIGUOUS STATUTE, ORDINARY RULES OF GRAMMAR MUST BE FOLLOWED UNLESS THEY LEAD TO AN ABSURD RESULT. GILBERT CENTRAL CORP V. STATE, 716 P.2D 654 (OKL. 1986). THE OPERATIVE RULE OF GRAMMAR IS THE ONE THAT PLACES RELATIVE PRONOUNS (THE WORD "WHICH") AS CLOSE AS POSSIBLE TO THEIR ANTECEDENTS (THE WORD "POSITION"). THE SENSE OF THIS SENTENCE IN THE STATUTE IS THAT ANY INDIVIDUAL POSITION IN ANY DEPARTMENT OF STATE GOVERNMENT MAY QUALIFY THE EMPLOYEE HOLDING THAT POSITION FOR MEMBERSHIP IN OTRS IF TWO CONDITIONS ARE MET: (1) THE POSITION IS ADMINISTRATIVE OR SUPERVISORY, AND, (2) THE TASKS OF THE POSITION ARE DEVOTED PRIMARILY TO PUBLIC EDUCATION.
THUS, AN INDIVIDUALIZED POSITION-BY-POSITION INQUIRY IS REQUIRED IN CONSIDERING EACH APPLICATION FOR MEMBERSHIP. THIS EXAMINATION IS BY NECESSITY FACTUAL IN NATURE. A DOMINANT RULE OF ALL ADMINISTRATIVE ACTION IS THAT IT NOT BE ARBITRARY AND CAPRICIOUS. SEE, A.G. OPIN. NO. 87-100. TO THAT END, OTRS UNDOUBTEDLY HAS THE STATUTORY AUTHORITY SHOULD IT WISH, TO ADOPT APPROPRIATE RULES AND REGULATIONS TO GUIDE IT IN THE PROPER EXERCISE OF ITS DISCRETION. OTRS NEED NOT CONDUCT AN EXHAUSTIVE, INDEPENDENT INVESTIGATION INTO EACH APPLICATION; IT SHOULD, HOWEVER, TAKE REASONABLE STEPS TO ASSURE ITSELF THAT THE STATUTORY CRITERIA SET OUT IN 70 O.S. 17-101(C) ARE MET. THE FOLLOWING COMMENTS ON THAT ISSUE MAY BE AN ORDER. OTRS SHOULD SATISFY ITSELF THAT THE POSITION IN QUESTION IS ADMINISTRATIVE OR SUPERVISORY. IT MAY DO SO BY REQUIRING, WHEN APPROPRIATE, THAT ORGANIZATIONAL CHARTS, JOB TITLES, AND/OR JOB DESCRIPTIONS OF THE POSITION IN QUESTION BE FURNISHED. IT MAY BE, IN CERTAIN CASES, REQUIRE THAT ADDITIONAL STATEMENTS OR DATA FROM THE EMPLOYER WILL BE REQUIRED TO ALLOW OTRS TO ASSURE ITSELF THAT THE POSITION IN QUESTION QUALIFIES. THE SAME IS TRUE OF THE SECOND CRITERION; OTRS MAY REQUIRE THE FURNISHING OF JOB DESCRIPTIONS, TIME-KEEPING RECORDS, AFFIDAVITS, OR OTHER DATA NECESSARY TO PROVIDE REASONABLE ASSURANCES THAT THE POSITION IN QUESTION BEARS THE REQUIRED PRIMARY RELATIONSHIP TO PUBLIC EDUCATION.
IN DIFFICULT CASES MORE SUPPORTING DATA MAY BE REQUIRED; IN SIMPLER CASES, LESS. IT IS NOT THE OFFICE OF THIS LETTER TO PROVIDE A BLUEPRINT TO WHICH OTRS MUST ADHERE SLAVISHLY IN EVALUATING APPLICATIONS; IT INTENDS, RATHER, MERELY TO ILLUSTRATE HOW THAT DISCRETION MIGHT BE EXERCISED.
IN SUMMARY, IT IS THE INFORMAL OPINION OF THE UNDERSIGNED THAT OTRS HAS THE DISCRETION TO CONSIDER, ON A POSITION-BY-POSITION BASIS, THE APPLICATIONS OF INDIVIDUAL STATE EMPLOYEES FOR MEMBERSHIP IN OTRS. THE POSITIONS IN QUESTION MUST BE SUPERVISORY OR ADMINISTRATIVE IN NATURE AND THEY MUST BE DEVOTED PRIMARILY TO PUBLIC EDUCATION. IN EXERCISING ITS DISCRETION, OTRS MAY NOT BE ARBITRARY AND CAPRICIOUS: THAT IS, IT MUST APPLY A CONSISTENT AND EQUITABLE STANDARD OF INQUIRY TO EACH APPLICATION. IT MAY ADOPT RULES AND REGULATIONS TO GUIDE ITS DISCRETION AND MAY FURTHER REQUIRE THAT SUFFICIENT CREDITABLE AND VERIFIABLE DATA BE SUBMITTED WITH THE MEMBERSHIP APPLICATION TO ALLOW IT TO MAKE AN INFORMED DECISION IN EACH CASE.
(NED BASTOW)